1  Mathew K. Higbee, Esq., SBN 241380
2  **HIGBEE & ASSOCIATES**
   1504 Brookhollow Dr., Suite 112
3  Santa Ana, CA 92705
4  (714) 617-8350
   (714) 597-6559 facsimile
5  Email: mhigbee@higbeeassociates.com

6  Saba A. Basria, Esq., SBN 307594
7  **HIGBEE & ASSOCIATES**
   1504 Brookhollow Dr., Suite 112
8  Santa Ana, CA 92705
9  (714) 617-8350
   (714) 597-6559 facsimile
10 E-mail: sbasria@higbeeassociates.com

11
   *Attorney for Plaintiff,*
12 RM MEDIA LTD.

13

14
                    **UNITED STATES DISTRICT COURT**
15                  **CENTRAL DISTRICT OF CALIFORNIA**

16
   RM MEDIA LTD.,                          | Case No. _____
17
18               Plaintiff,
                                           | **COMPLAINT FOR DAMAGES**
19   v.                                    | **AND INJUNCTIVE RELIEF**
20                                         | **DEMAND FOR JURY TRIAL**
     ERIC TRAN; SERGIO SAVIC d/b/a
21   YOUR PERSONAL WORKFORCE;
     UNIVERSAL COMMERCIAL
22   CAPITAL; and DOES 1 through 10
23   inclusive,

24               Defendant.
25

26
              Plaintiff, RM Media Ltd. alleges as follows:
27

28

1

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendants because Defendants conduct business and/or reside within the State of California, Defendants' acts of infringement complained of herein occurred in the State of California, and Defendants caused injury to Plaintiff within the State of California.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendants reside and have a regular and established place of business in this judicial district.

## PARTIES

5. Plaintiff RM Media Ltd. ("RM Media" or "Plaintiff") is an English media company specializing in commercial and stock photography licensing.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Universal Commercial Capital ("Defendant UCC"), a real estate mortgage lending company, is a California foreign corporation organized under the laws of Nevada

with a principal place of business at 8907 Warner Avenue, #145, Huntington Beach, CA 92647.

7. Defendant UCC owns a website that features a blog, https://universalcommercialcapital.com/ ("the Website"), to market its services. The Website is registered under DH Capital. A true and correct copy of the ICANN WHOIS registration information for the Website is attached hereto as Exhibit A.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant Eric Tran ("Defendant Tran") is an individual and the Chief Operating Officer/President of Universal Commercial Capital and resides in Midway City, California. *See* https://universalcommercialcapital.com/about-us/. A true and correct copy of the filing information for Defendant UCC listing Defendant Tran as the President is attached hereto as Exhibit B.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant Sergio Savic ("Defendant Savic") is an individual doing business as Your Personal Workforce in San Diego, California. A true and correct screenshot of Defendant Savic's Facebook page listing his work history is attached hereto as Exhibit C.

10. Plaintiff is informed and believes and thereon alleges that based on past communications with Defendant Savic, he is the web developer for Defendant's Website.

11. Plaintiff is unaware of the true names and capacities of the

3

1  Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues
2  such Defendants under such fictitious names. Plaintiff is informed and believes
3  and on that basis alleges that such fictitiously named Defendants are responsible in
4  some manner for the occurrences herein alleged, and that Plaintiff's damages as
5  herein alleged were proximately caused by the conduct of said Defendants.
6  Plaintiff will seek to amend the complaint when the names and capacities of such
7  fictitiously named Defendants are ascertained. As alleged herein, "Defendants"
8  shall mean all named Defendants and all fictitiously named Defendants.

12. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants named in this caption.

## FACTUAL ALLEGATIONS

13. RM Media is a stock photography licensing company that specializes in commercial product photography and supplies unique images for web designers, bloggers and content writers.

14. RM Media is the assignee and sole rights holder to an original image of a typewriter bearing the words "Commercial Property For Sale" ("Commercial Property Image") and an original image of a clipboard bearing the word "Mortgage" ("Mortgage Image") (collectively the "Images"). Attached hereto as Exhibit D are true and correct copies of the Images.

15.     The Commercial Property Image is registered with the United States Copyright Office under registration number VAu 1-301-124, and the Mortgage Image is registered with the United States Copyright Office under registration number VAu 1-248-878.

16.     RM Media offers two licensing options for consumers wishing to use its Images.

17.     Under the first option, RM Media offers the Images to consumers through its website where consumers can pay a licensing fee in exchange for use of the Images. RM Media's entire content library is available for use through a paid license.

18.     Under the second option, RM Media offers a limited portion of its content library, including the Images, under a Creative Commons Attribution – ShareAlike license ("CC License"), which, *inter alia,* requires that the consumer "give appropriate credit, provide a link to the license, and indicate if changes were made." Attached hereto as Exhibit E is a true and correct copy of the terms of a Creative Commons Attribution – ShareAlike license; *see also* http://rmmedia.ltd.uk/free-images/.

19.     Creative Commons licenses are developed and published by a non-profit organization that provides free, easy-to-use copyright licenses to make a simple and standardized way to give the public permission to share and use creative work online. See www.creativecommons.org/about/.

20. RM Media offers a limited portion of its content library through the CC License, as the required attribution directs consumers to RM Media's website enhancing its market share and directing consumers to its larger library of paid content.

21. RM Media's website contains a detailed explanation of the terms of the CC License with the disclaimer that using the images without following the terms and conditions of the license "will invalidate your license to use the image" and "may lead to an action for copyright infringement." *See* http://rmmedia.ltd.uk/free-images/.

22. Between May 5, 2018 and June 26, 2018, RM Media discovered that the Defendants were using the Images on the Website to promote Defendant UUC's business. RM Media had no record of issuing a paid license to any of the Defendants, nor did the photo give any attribution as required to qualify for a CC License. True and Correct copies of Defendants' infringing uses of Plaintiff's Images are attached hereto as Exhibits F-DD.

23. Plaintiff is informed and believes, and thereon alleges that infringement of the Commercial Property Image began on or about March 1, 2018. *See* Exhibits O, R, T, U.

24. Plaintiff is informed and believes, and thereon alleges that infringement of the Mortgage Image began on or about February 26, 2018. *See* Exhibits W, CC, DD.

25. On or about May 18, 2018, Plaintiff's counsel sent a cease and desist letter to Defendant UCC's business address informing the Defendants that they did not possess a valid license and requesting, *inter alia*, that Defendants remove the Images from the Website.

26. On or about May 20, 2018, a representative from Plaintiff's counsel's office called and e-mailed the Defendants to discuss the cease and desist letter and the options available to resolve the matter, but did not receive a response.

27. On or about June 25, 2018, a representative from Plaintiff's counsel's office e-mailed Defendant Savic in an attempt to follow up on the matter. That same day, Defendant Tran responded and stated that they obtained the Images through Google Images and assumed they had rights to them.

28. On or about June 26, 2018, a representative from Plaintiff's counsel's office spoke with Defendant Savic who stated that there was no claim because the company, Defendant UCC, was shutting down.

29. On or about June 26, 2018, Plaintiff's counsel sent follow up correspondence to the Defendants in an attempt to resolve the claim.

30. On or about June 27, 2018, a representative from Plaintiff's counsel's office spoke with Defendant Savic who said the company has shut down and that he did not have a good telephone number for Defendant Tran.

31. On or about July 18, 2018, a representative from Plaintiff's counsel's office e-mailed Defendant Tran to see if the matter could be resolved, but did not

receive a response.

32. As of the date of this Complaint, both of RM Media's Images are still displayed on Defendant UCC's LinkedIn Page at https://www.linkedin.com/company/dhcapitals/. True and correct time stamped screenshots of Defendants' continued infringing use of the Images is attached hereto as Exhibit EE.

33. On information and belief, Defendants' use of the Images was deliberate and willful because Defendants were informed multiple times of their infringing use of the Images and refused to remove them from the Website. Additionally, despite being on notice that the Images did not contain the requisite attribution required to qualify for a CC License, the Defendants continued to distribute and display the Images knowing that the required attribution had been removed or altered.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Images.

36. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Images in violation of

Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Images of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result. Specifically, Defendants, after having received repeated notice from Plaintiff's counsel that they did not have a valid license, continued to display the Images on Defendant UCC's LinkedIn Page.

37. As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b).

38. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

39. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

40. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
**FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION**
**17 U.S.C. § 1202**
**(Against All Defendants)**

41. Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

42. On information and belief, Defendants knew that Plaintiff created the Images because, *inter alia*, the source of the Images that Defendants used to produce the infringing web page specifically attributed the Images to Plaintiff.

43. On information and belief, Defendant knew that the terms of the CC License required that Defendants provide proper attribution to the Images.

44. Defendants intentionally falsified copyright management information related to the Images with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

45. Specifically, on Defendant UCC's LinkedIn page, Defendants continued to distribute and display the Images and have purposefully failed to provide the attribution information required to qualify for a CC License after being alerted to the unauthorized use of Plaintiff's Images.

46. Defendants' conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

47. Defendants' falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

48. Defendants' falsification of said copyright management information was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in the Images. Defendants also knew, or had reason to know, that such removal

and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in the Images.

49. Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendants in an amount to be proven.

50. In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from each Defendant for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

- For statutory damages against Defendants in an amount of $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- For statutory damages against Defendants in an amount up to $25,000.00 for each falsification or removal of copyright management information pursuant to 17 U.S.C. § 1202;

- For pre and post judgment interest at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

Dated: August 23, 2018                                  Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
*Counsel for Plaintiff*

 /s/ **Saba A. Basria**
Saba A. Basria, Esq.
Cal. Bar. No. 307594
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
*Counsel for Plaintiff*

# DEMAND FOR JURY TRIAL

Plaintiff, RM Media Ltd. hereby demands a jury trial in the above matter.

Dated: August 23, 2018                              Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
*Counsel for Plaintiff*

/**s/ Saba A. Basria**
Saba A. Basria, Esq.
Cal. Bar. No. 307594
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
*Counsel for Plaintiff*